UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* Per Bukh,

     Plaintiff,

v.                                                    CASE NO.: 8:14-cv-1089-T-23EAJ

GULDMANN, INC.,

     Defendant.

_____/

## **ORDER**

     Alleging violations of the False Claims Act, Per Bukh sues (Doc. 29)[1]

Guldmann for violating the False Claims Act by (1) breaching a "best price" clause

in a contract with the Department of Veterans Affairs (VA) and (2) selling to the VA

products not manufactured in a country approved by the Trade Agreements Act.  In

this action, transferred from the Northern District of Illinois, Guldmann moves

(Doc. 63) to dismiss.

*1. Failure to Obtain Leave to Amend the Complaint*

     Rule 15(a)(2), Federal Rules of Civil Procedure, states that "a party may

amend its pleading [a second time] only with the opposing party's written consent or

the court's leave.  The court should freely give leave when justice so requires."

Guldmann argues that Bukh never received leave to amend the complaint.  But, as

Guldmann concedes (Doc. 63 at 5), Judge Kendall orally granted *nunc pro tunc* a

_____

[1] Document 29 is docketed as a consent motion with the complaint attached.

motion to amend the "first amended complaint."  Also, Judge Kendall recognized the second amended complaint as the operative complaint and directed Guldmann to "file an answer or otherwise plead to plaintiff's 2nd amended complaint."  (Doc. 42)

*2. Insufficient Service of Process*

Guldmann argues for dismissal because Bukh served the "second amended complaint" before Judge Kendall granted the motion to amend the "first amended complaint."  Guldmann states, "Guldmann was prejudiced by the Plaintiff's [service of process] because Guldmann could not reasonably be expected to know which version of the complaint was valid or effective at the time service was made." (Doc. 63 at 6)  Even if Guldmann had trouble identifying the operative complaint when served, Judge Kendall alleviated Guldmann's confusion by directing Guldmann to "file an answer or otherwise plead to plaintiff's 2nd amended complaint."  (Doc. 42 at 1)

*3. Pleading with Particularity*

Under Rule 9(b), Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Accordingly, a complaint alleging fraud must describe the "'who,' 'what,' 'where,' 'when,' and 'how'" of the alleged fraud.  *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1327 (11th Cir. 2009).

The complaint identifies (1) false statements (that the VA received Guldmann's "best price" and that Guldmann manufactured the products in

- 2 -

Denmark),[2] (2) why the statements are false (Guldmann offered better prices to commercial purchasers and Guldmann manufactured the products in Taiwan, China, and Ukraine),[3] (3) the documents that contained the false statements (a "Request for Modification" and a "CSP-1"),[4] (4) the author of the false statements (Guldmann's vice-president, Bowman),[5] and (5) the day of the false statements (September 17, 2009).[6]  By pleading the "time, place, and substance of the defendant's alleged fraud," *U.S.* ex rel. *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002), the complaint complies with Rule 9(b).

*4. Failure to State a Claim*

Guldmann argues that the complaint fails to state a claim because "the complaint fail[s] to plead that the alleged sales . . . were of items specifically contained and incorporated into the Department of Veterans Affairs . . . contract at issue." (Doc. 63)  Even assuming Guldmann correctly construes the complaint, Guldmann's argument is unpersuasive.  *See Smith v. Meese*, 821 F.2d 1484, 1496 (11th Cir. 1987) ("Dismissing the complaint for the failure to choose the correct words, when the meaning of the allegations are clear, would return us to the days of the

---

[2] (Doc. 29 ¶¶ 64, 66)

[3] (Doc. 29 ¶¶ 27-30, 34-36, 52-62, 65, 67, 72-73, 76-78)

[4] (Doc. 29 ¶¶ 64, 66)

[5] (Doc. 29 ¶¶ 68)

[6] (Doc. 29 ¶¶ 68)

common law forms of pleading."); *Platinum Estates, Inc. v. TD Bank, N.A.*, 2012 WL 760791 (S.D. Fla. Mar. 8, 2012) (Marra, J.) ("The Court will not dismiss an action simply because Plaintiffs fail to use 'magic words' when the pleading is otherwise sufficient.").[7]

## CONCLUSION

Guldmann's motion (Doc. 63) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on August 21, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[7] Guldmann states, "Plaintiff fails to allege sufficient facts . . . that the VA did not in fact receive a higher discount . . . ." (Doc. 63 at 8) However, Guldmann fails to identify the "specific facts" that are missing, and the complaint repeatedly alleges that the Guldmann offered other customers discounts unavailable to the VA. For example, paragraph 30 states, "In its simplest terms, for orders of 20 or more of the GH2HD motors, Guldmann offered Alpha a 73% discount off of the MSRP of $3,780. At the time, Guldmann only offered the VA a 52% discount off the MSRP and it never afforded the VA the additional discount." (Doc. 29 at 10)