UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PER BUKH and USA,

    Plaintiffs,

v.                                                                 Case No: 8:14-cv-1089-T-23JSS

GULDMANN, INC.,

    Defendant.
_____/

## ORDER ON MOTIONS TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Documents (Dkt. 102), Plaintiff's Motion to Compel Responses to Interrogatories (Dkt. 104), and Defendant's Responses in Opposition (Dkt. 107, 108).

### BACKGROUND

On June 1, 2011, Plaintiff, Per Bukh, filed this *qui tam* action alleging that Defendant, Guldmann, Inc., violated the False Claims Act ("FCA"), 31 U.S.C. § 3279, by: (1) selling products to the Veterans Administration ("VA") that "did not originate in the United States or a designated country" in violation of the Trade Agreements Act ("TAA"); and (2) giving steeper discounts to its other commercial customers. (Dkt. 3.)

On August 25, 2014, Plaintiff served a First Request for Production of Documents and a First Set of Interrogatories on Defendant. In response, Defendant produced several documents, on a rolling basis, beginning on February 25, 2015, with the most recent production installment occurring on September 24, 2015. To date, eight depositions have taken place since August 4, 2015, and an additional deposition is forthcoming. On September 18, 2015, Defendant produced a privilege log designating certain documents as privileged under the attorney-client privilege and

work-product doctrine. Defendant served its responses to Plaintiff's First Set of Interrogatories on September 29, 2015. Upon receiving Defendant's discovery responses and production, Plaintiff deemed the responses and production insufficient and raised this issue during a meet-and-confer conference call with Defendant on October 7, 2015. The parties were unable to reach an agreement regarding the disputed discovery, and, shortly after, Plaintiff filed the instant motions to compel.

## APPLICABLE STANDARDS

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, is construed broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). When a party withholds otherwise discoverable information by claiming privilege or work product, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A).

The attorney-client privilege protects communications made in confidence by a client to an attorney for the purposes of securing legal advice or assistance. *In re Grand Jury (G.J. No. 87-03-A)*, 845 F.2d 896, 897 (11th Cir. 1988). However, the attorney-client privilege only protects the disclosure of communications, not the disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Moreover, because withholding of otherwise discoverable information "serves to obscure the truth," the privilege "should be construed as narrowly as is consistent with its purpose." *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987). The burden of establishing the application

of the attorney-client privilege rests on the party asserting the privilege. *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987).

The work-product doctrine protects from discovery documents and tangible things prepared in anticipation of litigation or for trial by or for a party or a party's representative. Fed. R. Civ. P. 26(b)(3)(A). The doctrine also protects "opinion work product," which encompasses any material that reflects the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). However, only work product "made for the purpose of facilitating the rendition of legal services to the client" is protected by the work-product doctrine. *In re Grand Jury Investigation*, 769 F.2d 1485, 1487 (11th Cir. 1985). Thus, the work-product doctrine does not protect documents prepared in the ordinary course of business of a party. *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 600 (M.D. Fla. 1990).

## ANALYSIS

Upon consideration of the written submissions of the parties and the applicable law, the Court grants Plaintiff's Motion to Compel Production of Documents (Dkt. 102) and grants in part and denies in part Plaintiff's Motion to Compel Responses to Interrogatories (Dkt. 104). With respect to Plaintiff's Motion to Compel Production of Documents, the Court finds that Defendant's privilege log is insufficiently specific in that it does not allow Plaintiff to assess whether the communications or documents identified are properly withheld as privileged. Defendant must revise its privilege log by identifying the name and job title of the recipient and provider of the communication or document, the date of the communication or document, the subject matter and description of the communication or document, the purpose for which the information was

prepared or communicated, and the specific basis for the claim that the communication or document is privileged or protected. Further, the Court finds that the memorandum sought by Plaintiff meets the relevancy requirement of Rule 26(b), and Defendant must produce the December 2014 memorandum identified by Thomas Gosselin during his deposition. Any privileged information may be redacted from the memorandum.

Plaintiff also seeks to compel responses to its interrogatory requests. In response, Defendant raised a number of objections. Interrogatories may relate to any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. at 351. Additionally, otherwise appropriate interrogatories involving "an opinion or contention that relates to fact or the application of law to fact" are not necessarily objectionable. Fed. R. Civ. P. 33(a)(2); *see Hendricks v. Mirabilis Ventures, Inc.*, No. 807-CV-661-T-17EAJ, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) (allowing contention interrogatories that were narrowly targeted to affirmative defenses and sought the application of law to fact). Plaintiff is entitled to inquire regarding the factual basis of Defendant's affirmative defenses, without inquiring about legal theory. *See Palma v. Metro PCS Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2014 WL 1900102, at *2 (M.D. Fla. Apr. 30, 2014) (finding that plaintiffs were permitted to obtain discovery regarding the facts the defendant relied on to support its affirmative defenses).

Therefore, Plaintiff's Motion to Compel Responses to Interrogatories is granted as to Interrogatory Numbers 4, 10, and 12. The Court grants Plaintiff's Motion to Compel Responses to Interrogatories as to Interrogatory Number 6 to the extent that Defendant must provide a response within the limited time frame of June 1, 2005, to June 1, 2011. However, the Court denies Plaintiff's Motion to Compel Responses to Interrogatories as to Interrogatory Numbers 5 and 11,

as Defendant sufficiently responded to Interrogatory Number 5. Interrogatory Number 11 improperly requests information known by the United States and is not directed at Defendant. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Production of Documents (Dkt 102) is **GRANTED**.

2. Plaintiff's Motion to Compel Responses to Interrogatories (Dkt. 104) is **GRANTED** in part and **DENIED** in part.

3. Defendant must provide an amended privilege log and must produce the responsive documents and discovery responses in accordance with this Order by the close of discovery, November 13, 2015.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record