UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PER BUKH and USA,

      Plaintiffs,

v.                                                   Case No: 8:14-cv-1089-T-23JSS

GULDMANN, INC.,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions ("Motion"). (Dkt.114.)  In the Motion, Plaintiff requests that the Court sanction Defendant for its failure to comply with the Court's prior Order, which directed Defendant to revise its privilege log.  (Dkt. 110.)  Plaintiff contends that Defendant's revised privilege log provided in response to the Court's Order is deficient and, therefore, seeks waiver of Defendant's attorney-client privilege and work-product protection and an award of attorney's fees and costs incurred by Plaintiff in preparing his initial Motion to Compel and Motion for Sanctions.  The Court held a hearing on this matter on January 7, 2016.

When withholding information otherwise discoverable on the basis of privilege or work product, the party withholding the information must describe the nature of the documents or communications not produced or disclosed.  Fed. R. Civ. P. 26(b)(5)(A).  In doing so, the party must not reveal information itself privileged or protected, but must nevertheless describe the nature of such documents or communications in a manner that will enable other parties to assess the claim.  Fed. R. Civ. P. 26(b)(5)(A)(ii).  The party invoking the attorney-client privilege has the burden of establishing, among other things, the confidential nature of the information sought, and

this burden cannot be met with a blanket assertion of privilege. *In re Grand Jury Subpoena*, 831 F.2d 225, 228 (11th Cir. 1987). As such, the party invoking the privilege must assert the privilege with a document-by-document explanation as to why the privilege shields the documents at issue. *Id.* In the same vein, a party's privilege log must "describe the nature of the undisclosed communications in a manner that allow[s] the [opposing party] and the district court to evaluate [the] claimed privilege." *Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015).

Upon review of Defendant's revised privilege log and upon consideration of the parties' written pleadings and arguments at the hearing, the Court finds that Defendant's revised privilege log is not sufficiently specific in that it does not allow Plaintiff to assess whether the communications or documents identified are properly withheld as privileged. Although the Court has broad discretion to award sanctions for the failure to comply with a prior discovery order, the Court does not find that the severe sanctions Plaintiff requests are warranted in this case. Fed. R. Civ. P. 37(b)(2)(A). Accordingly, it is

> **ORDERED**:
>
> 1. Plaintiff's Motion for Sanctions (Dkt. 114) is **DENIED**.
>
> 2. Defendant must supplement the explanations provided in its privilege log to specify the nature of the documents or communications identified on the log.
>
> 3. Defendant must provide Plaintiff with the revised privilege log by January 15, 2016.
>
> **DONE** and **ORDERED** in Tampa, Florida on January 8, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record